UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EARL PESTERFIELD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:00-CV-104 |
| ) | (VARLAN/SHIRLEY) |
| SUNBEAM CORPORATION, ) | |
| SUNBEAM PRODUCTS, INC., and ) | |
| WAL-MART STORES EAST, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 35] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiff's Motion for Preliminary Determination Concerning Use of Depositions and Trial Testimony Taken in Other Cases. [Doc. 30]. The undersigned conducted a hearing on this motion on April 14, 2005.

This is a products liability case arising out of a fire that the Plaintiff alleges was caused by a design defect in the safety circuit of an electric blanket designed, manufactured, and distributed by Defendant Sunbeam Products, Inc. ("Sunbeam"). In his motion, Plaintiff asserts that this case is one of numerous, similar cases resolved or pending around the country involving fire risks associated with this particular safety circuit, known as the "Circuit 100," in Sunbeam's PTC electrically heated bedding products. Many of these cases have common plaintiffs' counsel,

McDermott, Hansen & McLaughlin, LLP, and common national defense counsel, Moffett & Dillon, P.C.

Plaintiff seeks a determination that certain depositions and/or trial testimony given in these collateral cases are useable in this case as if taken in this case, and specifically, that the foundations for use of such testimony under Fed. R. Civ. P. 32(a) and Fed. R. Evid. 801 and 804 are satisfied. [Doc. 30]. In support of this motion, Plaintiff submits the affidavit of Plaintiff's counsel, George E. McLaughlin, as well as summaries of the prior depositions and trial testimony which Plaintiff seeks to use in this case.

Defendant Sunbeam opposes Plaintiff's motion, arguing that the motion is premature, is not authorized by the Rules of Civil Procedure, and is unfairly prejudicial to the Defendant. Alternatively, Defendant argues that, should the Court grant Plaintiff's motion, Plaintiff should be limited to the use of one deposition per witness in this case and that the specific testimony sought to be used in this case be specifically designated by the Plaintiff. Further, the Defendant argues that it should be allowed to use any deposition not designated by the Plaintiff of any of the witnesses identified. Finally, Defendant contends that, if Plaintiff is granted the use of the deposition of any prior witness, Plaintiff should be precluded from obtaining any further deposition of such witness in this case. [Doc. 37].

Plaintiff seeks to use the prior testimony of the following Sunbeam-affiliated witnesses: (1) Richard Prins; (2) Charles Murin; (3) Jorge Garcia; (4) Joe Thrash; (5) David C. Fannin; (6) Dr. William Rowe, Jr. (deceased); (7) Michael A. Brown; (8) Robert C. Ruski (deceased); (9) Norm Massion; and (10) Mark Sullivan. Plaintiff also seeks to use at trial the depositions of other persons who made similar allegations against Sunbeam, as well as the

2

depositions of two Underwriters Laboratories employees, Alan Weber and John Drengenberg, who were responsible for the UL testing and "UL Listing" of Sunbeam electric blankets.

The Court shall first address the timing of this motion. Defendant argues that the motion is premature, in that Plaintiff seeks rulings on issues of substantive admissibility of prior testimony at trial. Defendant also argues that the motion is incomplete, as Plaintiff has failed to specifically designate, by line and page number, which portions of the prior testimony he intends to use. The Court does not view Plaintiff's motion as a request for a ruling on the ultimate admissibility at trial of this prior testimony. Rather, the Court views Plaintiff's request as one for a determination that such prior testimony will not be excluded solely because it was taken in collateral cases. Such a determination has a tremendous impact on the type of discovery that the Plaintiff will pursue in this case. To this extent, then, Plaintiff's motion is not premature.

Many courts which have addressed the issue of the use of prior testimony from collateral proceedings have held that, where the party (or the party's successor in interest) against whom the testimony is to be admitted had the motive and opportunity to develop or cross-examine the testimony, the testimony may be used in the current proceeding. See, e.g., Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 750-51 (11th Cir. 2002); Ludwig v. Johnson Controls, Inc., 36 F.3d 1396, 1410 (8th Cir. 1994); Dykes v. Raymark Industries, Inc., 801 F.2d 810, 816 (6th Cir. 1986); Insul-Wool Insulation Corp. v. Home Insulation, 176 F.2d 502, 504 (10th Cir. 1949); Thurman v. Sunbeam Products, Inc., No. 3:03-cv-758-S, slip op. at 2 (W.D. Ky. June 2, 2004); Adams v. Sunbeam Products, Inc., No. 03-1017-JTM, slip op. at 18 (D. Kan. Sep. 9, 2003); Clay v. Buzas, 208 F.R.D. 636, 637-38 (D. Utah 2002); Ramirez v. IBP, Inc., 950 F. Supp. 1074, 1076 n.1 (D. Kan.

1996). The Federal Rules of Civil Procedure and Federal Rules of Evidence reflect similar requirements. Fed. R. Civ. P. 32(a) (deposition "may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof"); Fed. R. Civ. P. 32(a)(4) (authorizing use of depositions from prior actions involving "same subject matter" and the "same parties or their representatives or successors in interest"); Fed. R. Evid. 804(b)(1) (prior deposition testimony of unavailable witness not excluded by the hearsay rule when offered against party or successor in interest who had opportunity and similar motive to examine witness).

The prior testimony Plaintiff seeks to use in the present case are all from cases which involved fires allegedly caused by Sunbeam electrically heated bedding products, and which involved Sunbeam or one of its predecessors in interest. Furthermore, with the exception of one case which was handled by another law firm, the same national defense firm represented Sunbeam in all of these actions. Accordingly, the Court finds that Defendant Sunbeam had the motive and opportunity to develop and cross-examine the testimony. Furthermore, the prior testimony relates to issues common to this case, including Sunbeam's design and manufacturing processes for its electric bedding products, knowledge of potential defects, and quality control efforts. Thus, the Court finds that the subject matter of the prior actions and issues involved are sufficiently similar to justify their use in the present action against Sunbeam.[1]

By ruling that Plaintiff may use prior deposition and trial testimony obtained in collateral cases, the Court makes no ruling upon the admissibility of such testimony at trial. Specifically, the Court makes no ruling as to whether such evidence is relevant, whether its

---

[1]The Court's ruling is applicable only as to Sunbeam. Plaintiff does not seek to use any of this prior testimony against Defendant Wal-Mart Stores East, Inc., nor has a sufficient basis been shown to permit such use.

4

probative value is substantially outweighed by undue prejudice, or whether such evidence is hearsay.[2] All such evidentiary objections are explicitly reserved. Further, with the exception of Rowe and Ruski who are deceased and thus are clearly "unavailable" within the meaning of Fed. R. Evid. 804, the Court makes no determination regarding the witnesses' availability or unavailability to present live testimony at trial. Whether such witnesses are "unavailable" within the meaning of the Federal Rules of Evidence must be determined at the time of trial and thus is properly a question properly reserved for the District Court to decide at that time.

The Court's ruling today does not preclude either Plaintiff or Defendant from deposing any of these witnesses; the Court simply holds that Plaintiff does not need to re-depose these witnesses in order to seek to use their prior testimony. Plaintiff, however, should not have "two bites at the apple"; that is, Plaintiff can either rely upon the witness's prior testimony or choose to re-depose them. If Defendant chooses to depose any of these witnesses, Plaintiff shall be limited to the scope of Defendant's questioning on cross-examination; however, Plaintiff will not be barred from utilizing portions of that witness' prior testimony as evidence at trial.

The Court will not limit Plaintiff to choosing only one prior deposition, as suggested by the Defendant, although the Plaintiff is certainly encouraged to use as few of a witness's multiple depositions as possible. Defendant shall have the right to designate other prior testimony from the same witness for the purpose of impeachment. Designation of specific testimony to be introduced

---

[2]Specifically with respect to Michael A. Brown, who has testified as an expert witness on behalf of Sunbeam in other litigation, the Court makes no ruling as to whether any expert opinions of Mr. Brown are admissible, whether a proper foundation has been laid for his testimony or whether the appropriate expert disclosures have been satisfied.

5

at trial by either party must be made in accordance with the Rules of Civil Procedure and the Scheduling Order [Doc. 39] previously entered in this case.

For the foregoing reasons, Plaintiff's Motion for Preliminary Determination Concerning Use of Depositions and Trial Testimony Taken in Other Cases [Doc. 30] is **GRANTED**, to the extent set forth herein.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge